JUDGE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR18-292-JCC |
| Plaintiff, | |
| v. | MOTION TO REOPEN DETENTION HEARING |
| JOSEPH ALLEN, | Noted for: April 19, 2019 |
| Defendant. | **ORAL ARGUMENT REQUESTED** |

### I.    MOTION

Joseph Allen, through his attorneys, Assistant Federal Defenders Mohammad Ali Hamoudi and Christopher Sanders, requests that the Court reopen his detention hearing pursuant to 18 U.S.C. § 3142(f), and issue an order releasing Mr. Allen.  This is a presumption case. 18 U.S.C. § 3142(f)(1).

Mr. Allen was injured during his arrest after Auburn Police officer, Jeff Nelson ("Nelson"), intentionally ran Mr. Allen over with his vehicle. Mr. Allen is not receiving the same level of care he would receive if he were not in custody, and he is not receiving sufficient care commensurate with his serious injuries.  Because of his injuries, Mr. Allen is not a flight risk and is not a danger to the community.  Mr. Allen can live with his spouse pending resolution of this case.

MOTION TO REOPEN
DETENTION HEARING
(*Joseph Allen*; CR18-292JCC) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

## II.  BACKGROUND INFORMATION

Mr. Allen is charged by indictment with: two counts felon in possession (18 U.S.C. 922(g)); possession of methamphetamine (21 U.S.C. 841(b)(1)(C)); possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. 924(c)). Dkt. 10.

On August 24, 2018, Nelson used potential deadly force on Mr. Allen when he executed an arrest warrant.  Methamphetamine and a firearm were seized incident to that arrest. Nelson's dash cam captured the collision which shows Nelson gun his engine prior to running Mr. Allen over with his vehicle. Nelson justified this attempted use of deadly force claiming that Mr. Allen, who was running away, posed an immediate threat of public harm to the public.  Nelson's justification is in dispute.

Nelson has a lengthy history of using force. A preliminary investigation revealed that Nelson has used force on multiple occasions including two publicly documented incidents where he killed two other people. In another incident, prior to arresting an individual, Nelson made the comment, "Are you ready to f__k this guy up." Nelson wears tattoos on his hands reading "JUDGED BY XII…CARRIED BY VIII."

Mr. Allen sustained serious injuries and it is highly unlikely that he will ever walk the same.  Specifically, Mr. Allen suffered multiple severe ankle fractures in both ankles. St. Francis Hospital (Tacoma) radiologist, Dr. Brian Fung, interpreted the CT scans as follows:

**Right Ankle:**

1. Open right ankle injury with gas in the tibiotalar and posterior tibiotalar joints, in tendon sheaths, and among the fibular fracture fragments. Mildly displaced, comminuted fracture of the distal fibula from the level of the tibial plafond, extending up to 6.5 cm superiorly on the prior radiographs. Current exam does not fully include the superior extent.

2. Predominantly nondisplaced oblique sagittal fracture at the base of the medial malleolus with few tiny adjacent fracture fragments within the joint.

MOTION TO REOPEN
DETENTION HEARING
(*Joseph Allen*; CR18-292JCC) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

>  3. Widening of the medial ankle gutter to 7 mm.
>
>  4. Incomplete tiny nondisplaced fracture at the lateral anterior process calcaneus.
>
>  5. Distal peroneus brevis muscle injury with edema and gas.
>
>  **Left Ankle:**
>
>  1. Minimally displaced oblique coronal intra-articular fracture of the left ankle posterior malleolus without significant articular surface step-off. Few tiny fracture fragments extending into the posterior distal tibiofibular syndesmosis. Widening of the anterior distal tibiofibular syndesmosis to I mm, suggestive of anterior inferior tibiofibular ligamentous tear and syndesmotic injury. Widening of the medial ankle gutter to 11 mm, suggestive of deltoid ligamentous injury.
>
>  2. Nondisplaced sagittal fracture at the anterolateral periphery of the lateral cuneiform.
>
>  3. Nondisplaced partially imaged nondisplaced fracture at the plantar lateral periphery of the second metatarsal base, probably at the Lisfranc ligamentous insertion, No second TMT joint malalignment. Nondisplaced incomplete fracture at the plantar lateral periphery of the third metatarsal base.

Mr. Allen's shoulder was also dislocated. See Ex. 1, Photos, Ex. 2, Medical Record.

On August 25, 2018, Mr. Allen underwent surgery to repair his fractured ankles. Ex. 3, X-Rays.

Mr. Allen was discharged from the hospital on August 26, 2018, and was told to come back for a follow-up appointment on September 6, 2018. Ex. 4, Medical Record. However, King County Jail did not take him back for his follow-up appointment until October 6, 2018 when they realized Mr. Allen's status worsened. Ex. 4, p. 413. During this appointment at Harborview, Mr. Allen reported:

>  …he is developing pain in his right leg around the ankle. He tells me he feels as though the screws are poking him. Patient tells me the right leg cast has not been removed since the surgery. The left leg cast he removed

MOTION TO REOPEN
DETENTION HEARING
(*Joseph Allen*; CR18-292JCC) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

> once on his own approximately a month ago secondary to itching. Patient tells me he is eager to see orthopedic surgeon for follow of his fractures.

Ex. 4, p. 412.

Mr. Allen's casts and staples were removed, x-rays were obtained, and splints reapplied. *Id.* at 426. Mr. Allen was informed that, "he should be returning to the orthopedic service in about 2 weeks." *Id.* Mr. Allen did not return 2 weeks later to receive orthopedic services as ordered by his doctor.

The government brought him to this Court on November 15, 2018. Dkt. 19. Mr. Allen's access to medical care did not improve once he was transferred to federal custody on November 15, 2018. The issue was brought to the Court's attention on December 6, 2018, when Mr. Allen reported that he was not receiving adequate care at the Federal Detention Center ("FDC"). Dkt. 14. Mr. Allen agreed to meet and confer with the government, but preserved his right to file a necessary motion if care did not improve. *Id.*

FDC took Mr. Allen to his appointment at Harborview, the appointment he was to have attended back in October 20, 2018, on December 13, 2018. Ex. 5, Medical Records. Mr. Allen reported:

> He rates the pain a proximally 8 out of 10 on the right and 4 out of 10 on the left with ambulation. He also complains of stiffness to his right ankle. He denies any radicular pain or numbness and tingling in his feet. His main concern is whether he will regain normal function to his right ankle.

Ex. 5, p. 1.

The notes from that visit indicate that he had spent the last 3.5 months in a wheelchair and "just (began) ambulating the week prior." *Id.* The doctor recommended:
- Continue ambulation
- Begin aggressive physical therapy…
- Return to clinic in 2 months for repeat imaging to assess [healing].

*Id.*, p. 3.

MOTION TO REOPEN
DETENTION HEARING
(*Joseph Allen*; CR18-292JCC) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Mr. Allen has not seen a physical therapist and did not return to Harborview for his follow-up.

On February 14, 2019, FDC did not take Mr. Allen back to Harborview, but took Mr. Allen to Virginia Mason Medical Center. Ex. 6, Medical Reports. Mr. Allen reported, "He has not had any follow-up…[h]is current pain he describes as 9/10, worse on the right than the left, worse with prolonged standing and walking, better with rest." *Id.* at 1. An X-Ray revealed that he is not recovering, "what appears to me talar dome defect on the right, possible loose syndesmotic screw on the left as well as concern about a delayed or nonunion on the medial malleolar fracture on the right." *Id.* The screws in his ankles from surgery may be loosening and his ankles may be starting to deform. Mr. Allen has not returned to Harborview and has not seen a physical therapist.

Trial is set for June 17, 2019. Pretrial motions are due on May 17, 2019. Mr. Allen is considering filing motions to assert his constitutional rights. Specifically, Mr. Allen may file a motion to vindicate his rights under the Fourth Amendment as to Nelson's conduct. He may also file a motion appealing to this Court's inherent authority to address outrageous governmental conduct, Nelson's attempt to kill him and the injuries caused as a result of that attempt, seeking a variety of remedies. Finally, Mr. Allen may file a vindictive prosecution motion in the event the government files a superseding indictment in response to Mr. Allen seeking pretrial relief from this Court as described above.

### III. STANDARD OF REVIEW

The Court may reopen a detention hearing at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure…the safety of any other person and the community." 18 U.S.C. § 3142(f).

MOTION TO REOPEN
DETENTION HEARING
(*Joseph Allen*; CR18-292JCC) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

## IV. ARGUMENT TO REOPEN DETENTION

The Court should reopen detention because much of this information was not known to Mr. Allen at the time of the detention hearing and Mr. Allen specifically preserved his right to come to Court as to his care. Mr. Allen is in continuous pain. The FDC is not a medical facility. It does not prescribe medication or have a physical therapist available to Mr. Allen. The FDC has failed to take Mr. Allen for a follow up appointment with a surgeon to determine whether he has appropriately recovered from his prior surgery and has failed to take him to physical therapy appointments. Defense counsel gave the government the opportunity to provide Mr. Allen with the care he needs, but the government has failed. The Court should reopen the matter of detention and fashion a bond, releasing him to his wife's address. She can take him to his doctor's appointments and she can take him to his physical therapy appointments. Mr. Allen should have the opportunity to recover from his injuries like any other person. Mr. Allen is not a risk to the community and not a flight a risk because of his injuries.

Dated this 11th day of April, 2019.

Respectfully submitted,

s/ *Christopher Sanders*
s/ *Mohammad Ali Hamoudi*
Assistant Federal Public Defenders
Attorneys for Joseph Allen

MOTION TO REOPEN
DETENTION HEARING
(*Joseph Allen*; CR18-292JCC) - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

**CERTIFICATE OF SERVICE**

I certify that on April 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

s/ *Charlotte Ponikvar*
Paralegal
Office of the Federal Public Defender

MOTION TO REOPEN
DETENTION HEARING
(*Joseph Allen*; CR18-292JCC) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100