# EXHIBIT 5

POLICE DEPARTMENT
MEMORANDUM





| | |
|---|---|
| **DATE:** | September 12, 2018 |
| **TO:** | Chief Pierson |
| **FROM:** | Commander D. O'Neil |
| **SUBJECT:** | Force Review 18-Force-177 |

On September 12, 2018, a Use of Force Review Board was convened to examine the facts and circumstances surrounding Officer Nelson's use of force on August 23, 2018. Officer Nelson used his patrol vehicle to stop a fleeing suspect. The Review Board was ordered by Chief Pierson.

The board consisted of Sgt S. Betz, Commander Colglazier, and me. The board reviewed the investigation completed by Commander Stocker, APD Case 18-11040, Coban Videos, Valley Communications audio, witness statements, and other involved officer statements.

**Facts:**

On August 23, 2018, Officer Jeff Nelson was on-duty, in full uniform, and driving a fully marked patrol vehicle with his police K9 partner Koen.

On that date, Officer Nelson attended a briefing with Auburn Detectives and members of a local ATF task force. During the briefing, Officer Nelson learned that Joseph Allen had a felony warrant for his arrest for felony eluding, possession of a stolen vehicle, and unlawful possession of a firearm. It was expected that Joseph was going to serve 60 months when arrested. Officer Nelson also learned that Allen made statements to officers that if he had not dropped his gun the last time he was contacted by officers, he would have engaged them in a gun fight. Allen also made threats against a King County Detective and his family. Allen is a documented member of the BGD, has 9 prior felony convictions to include robbery two, and is considered armed and dangerous. Detective Boldman advised during the briefing that Allen told him during his last interview that he will always run and always be armed.

The surveillance detail to arrest Allen ended up in the parking lot of Wal-Mart in Federal Way. Allen arrived on a motorcycle. As Allen dismounted the motorcycle and approached a parked vehicle, the take down units began to move in on Allen. Allen fled from the Wal-Mart, over a fence and down an embankment towards the Chase Bank.

Officer Nelson observed as Allen was running towards a green Ford Explorer in the parking lot. A female adjacent to the vehicle stopped, put her arms up and appeared startled. Her actions lead Officer Nelson to believe that she was in distress. Officer Nelson watched Allen run up to the vehicle while trying to open a passenger door to gain entry into the vehicle. Officer Nelson believed that Allen was trying to carjack the

driver. Simultaneously, Detective Schultz advised over the air that it appeared that Allen was trying to carjack someone at the bank.

As Officer Nelson entered the parking lot, Allen began running towards the Jack in the Box. Officer Nelson saw several vehicles at the Jack in the Box. If Allen was able to get to the drive thru he would be able to potentially car jack a motorists in the drive thru. The Jack in the Box was down and embankment and it could potentially take officers a little time to get to him.

Officer Nelson stated that he knew Allen has a very violent criminal history, that there was probable cause for his arrest, and that he was believed to be armed with a gun given his past comments and contacts. Given his current actions to escape the police, his attempted carjacking of a vehicle in his presence, the heavily populated area that he was about to enter with access to occupied vehicles, Officer Nelson felt that if he was allowed to escape Allen posed an immediate threat of serious harm to the public. Officer Nelson believed that there was no other effective alternative to the use of force as Allen was running directly in front of his patrol vehicle. Officer Nelson responded by driving directly toward Allen to stop his actions and movement toward other citizens.

Officer Nelson drove parallel along the fence, over the curb, and struck Allen with the driver portion of his front bumper. Allen was taken into custody after a short struggle and found to be in possession of a pistol. Allen sustained two broken legs and a separated shoulder as a result of Officer Nelson's actions.

**Findings and Analysis:**

Lexipol Policy 300.1.1 defines deadly force as force reasonably anticipated and intended to create a substantial likelihood of causing death or very serious injury. The board determined that a reasonable person would believe that striking an individual with a patrol vehicle is likely to cause death or serious injury.

*Therefore the board determined that Officer Nelson used deadly force on Joseph Allen when he made a decision to hit him with his patrol vehicle.*

Lexipol Policy 300.4 and RCW 9A.16.40 justifies deadly force under the following circumstance. An officer may use deadly force to stop a fleeing subject when the officer has probable cause to believe that the person has committed, or intends to commit, a felony involving the infliction or threatened infliction of serious bodily injury or death, and the officer reasonably believes that there is an imminent risk of serious bodily injury or death to any other person if the subject is not immediately apprehended. Imminent does not mean immediate or instantaneous. An imminent danger may exist even if the suspect is not at that very moment pointing a weapon at someone.

*Based on the information learned in the briefing, Officer Nelson was informed that Allen has a violent criminal history that includes firearms possession and robbery in the second degree. Allen had made threats to shoot officers and informed officers that he is always armed and runs. Allen fled upon seeing officers validating his claim that he always runs. Based on this information a reasonable officer would also assume that he is armed. Detective Schultz advised over the air that it appeared that Allen was attempting to carjack a motorists. Detective Schultz's observations were confirmed by Officer Nelson's own observations. Officer Nelson saw Allen running towards other motorists stopped in the drive thru of Jack and the Box. A reasonable officer could conclude based on this information that Allen had just committed a felony involving threatened infliction of serious bodily injury as he attempted to carjack a motorist at the bank. A*

*reasonable officer could conclude that there is an imminent risk of serious bodily injury or death to the anther motorists in the parking lot of Jack and the Box if Allen is not immediately apprehended.*

**Based on the foregoing, the board believes that Officer Nelson acted reasonable and within policy.**