THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR18-0292-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JOSEPH LOREN ALLEN, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to compel (Dkt. No. 36). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

The Government alleges the following facts in the indictment against Defendant. On August 23, 2018, members of the Auburn Police Department ("Auburn PD"), including Officer Jeff Nelson, were briefed on Defendant's escape and felony warrants, as well as his history of nine felony convictions. (Dkt. No. 1 at 2–4.) Later that day, officers positioned themselves outside a location where Defendant was known to be staying, watched him leave on a motorcycle, and followed him to a "known drug location." (*Id.* at 4.) Defendant rode in a reckless manner that appeared to be a "counter-surveillance technique." (*Id.*) Defendant eventually left on a new motorcycle, and officers followed him to a Walmart parking lot, where

Defendant appeared to be conducting drug transactions. (*Id.* at 4–5.) Officers moved in to apprehend Defendant, and Defendant ran, jumped over a fence, and approached a car. (*Id.* at 5.) Defendant told a passenger in the car that he would pay her $1,000 to drive him away. (*Id.*) When the passenger refused, Defendant tried to open a rear door of the car. (*Id.*) The passenger told the driver to lock the doors and "drive off," and then motioned to the officers. (*Id.*) According to the Defendant, as Defendant ran away towards a fence, Officer Nelson ran him over with his patrol car. (Dkt. Nos. 20 at 2, 33 at 2.) The Government alleges that Defendant then fought with several officers and "pull[ed] his right arm close to his body," where officers later found a loaded handgun after handcuffing Defendant. (Dkt. No. 1 at 5.) Officers also found suspected methamphetamine and a digital scale on Defendant's person. (*Id.* at 5–6.) Defendant sustained two broken ankles and a dislocated shoulder from the collision with Officer Nelson's car. (Dkt. No. 20 at 2–3.)

Defendant has been indicted on two counts of felon in possession of a firearm, one count of possession of methamphetamine with intent to distribute, and one count of possession of a firearm in furtherance of a drug trafficking crime. (Dkt. No. 10.) During the course of discovery, Defendant subpoenaed the Auburn PD for information regarding Officer Nelson's employment history and conduct. (Dkt. No. 26 at 2.) Officer Nelson's behavioral assessment, a routine assessment conducted at the time of Officer Nelson's employment application, was withheld. (*Id.*; Dkt. No. 33 at 4 n.1.)

Defendant now moves to compel the Government to disclose the behavioral assessment, along with Officer Nelson's application for employment with the Auburn PD, psychological exam, resume, and annual performance evaluations (collectively, "application documents"). (Dkt. No. 36.) Defendant seeks the application documents as evidence of Officer Nelson's use of excessive force during the August 23 arrest "to support a request for suppression" of evidence obtained during that arrest. (*See* Dkt. No. 44 at 3.) The Government opposes disclosure of the application documents because of their highly personal and sensitive nature. (Dkt. No. 37 at 4.)

ORDER
CR18-0292-JCC
PAGE - 2

The Government also argues that the application materials are irrelevant and immaterial to Defendant's present indictment, and more pertinent to a 42 U.S.C. § 1983 claim. (*Id.* at 5–6.)

## II. DISCUSSION

### A. Motion to Compel Legal Standard

Upon a defendant's request, the Government must provide access to items that are "material to preparing [a] defense." Fed. R. Crim. P. 16(a)(1)(E)(i); *see also* W.D. Wash. Local Crim. R. 16(a)(2). Information is material if it is helpful to the defendant in preparing a defense. *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995). If a party fails to provide material information, the Court may compel a party to comply with the rules of discovery. Fed. R. Crim. P. 16(d)(2); *see also* W.D. Wash. Local Crim. R. 16(e).

### B. *Brady* Standard for Exculpatory Evidence

The Government's failure to provide a defendant with access to exculpatory evidence upon request "violates due process where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). A finding of materiality requires "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different"—a "reasonable probability" being "sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

The Government asserts that it has complied with the Federal Rules of Criminal Procedure and *Brady* in its disclosure of material exculpatory evidence. (*See* Dkt. No. 37.) Defendant must overcome this assertion by proving the materiality of the application documents. *Bagley*, 473 U.S. at 674–75, 682; *see also Strickler v. Greene*, 527 U.S. 263, 289–91 (1999). Defendant intends to use the application documents as proof of Officer Nelson's propensity to use excessive force in order to show that the August 23 arrest was unreasonable. (*See* Dkt. No. 44 at 3.) But Defendant has not shown a reasonable probability that the outcome of this case turns on the disclosure of the application documents. Specifically, Defendant has not established that Officer Nelson's application documents are material to an adjudication of Defendant's guilt

or punishment for his pending firearm and drug charges. *See Bagley*, 437 U.S. at 682.

### C. Standard for Impeachment Value of Evidence

Evidence is also considered material, and thus must be disclosed, if it could plausibly impeach a witness whose credibility "may well be determinative of [the defendant's] guilt or innocence." *Giglio v. United States*, 405 U.S. 150, 154 (1972); *see also Strickler*, 527 U.S. at 292 (1999) (finding that the availability of physical evidence and additional witnesses diminishes materiality of impeachment evidence); *see also Silva v. Brown*, 416 F.3d 980, 987 (9th Cir. 2005) (finding that the status of a witness as the "star" or "only" witness impacts the materiality of impeachment evidence). When a defendant requests the personnel files of testifying officers, the Government must examine those files and "disclose information favorable to [the] defense"; if the Government is uncertain about materiality, it may submit the information to the Court for *in camera* review. *United States v. Henthorn*, 931 F.2d 29, 30–31 (9th Cir. 1991).

The Government asserts that it has complied with the Federal Rules of Criminal Procedure, *Brady*, and *Henthorn* in its disclosure of material impeachment evidence. (*See* Dkt. No. 37.) Defendant must show that the credibility of Officer Nelson as a Government witness is determinative of his guilt. *See Giglio*, 405 U.S. at 154. Defendant is charged with possession of a firearm and methamphetamine. (Dkt. No. 10.) Physical evidence was allegedly obtained during the August 23 arrest—the gun, a substance believed to be methamphetamine, and a digital scale. (Dkt. No. 1 at 5–6.) There are other witnesses who may testify, such as other officers or the passengers in the car Defendant allegedly attempted to carjack. These facts diminish the materiality of evidence potentially impeaching Officer Nelson's testimony. *See Strickler*, 527 U.S. at 292; *Silva*, 416 F.3d at 987. Therefore, Defendant has not shown that such impeachment would be determinative of Defendant's guilt or innocence to the extent that disclosure of the application documents is required.

### D. Unreasonable Search as Grounds for Suppression

A lawful search or seizure may be invalidated if "its manner of execution unreasonably

infringes possessory interests protected by the Fourth Amendment's prohibition on 'unreasonable seizures.'" *United States v. Jacobsen*, 466 U.S. 109, 124 (1984)). "[U]se of excessive force can render a search unreasonable." *United States v. Ankeny*, 502 F.3d 829, 836 (9th Cir. 2007). To find unreasonableness requires an objective evaluation of the circumstances, regardless of the actor's subjective intent, and a "balancing of 'the nature and quality of the intrusion . . .' against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396–97 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 6 (1985)). The Court looks to the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

Defendant seeks disclosure of the application documents to demonstrate Officer Nelson's propensity to use excessive force. (*See* Dkt. No. 44 at 3.) But Defendant has not shown how the application documents sought would be helpful or relevant to an excessive force claim because subjective intent is excluded from that analysis. *See Graham*, 490 U.S. at 396–97.

## III.     CONCLUSION

For the foregoing reasons, Defendant's motion to compel (Dkt. No. 36) is DENIED.

DATED this 6th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE