——— FILED ——— ENTERED
——— LODGED ——— RECEIVED

**JUL 12 2019**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

The Honorable John C. Coughenour

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

JOSEPH LOREN ALLEN,

Defendant.

NO. CR18-292 JCC

**PLEA AGREEMENT**

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Jessica M. Manca, Assistant United States Attorney for said District, Defendant JOSEPH LOREN ALLEN, and his attorneys, Mohammad Hamoudi and Christopher Sanders, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11:

1.      **Charges**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Superseding Indictment.

a.      *Felon in Possession of a Firearm*, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(1);

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    b.   *Possession of Controlled Substances with Intent to Distribute*, as charged in Count 3, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), a lesser-included offense; and

    c.   *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, as charged in Count 4, in violation of Title 18, United States Code, Section 924(c)(1)(A).

The United States agrees to move to dismiss Count 2: *Felon in Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1), at sentencing.

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty plea, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.   **Elements of the Offenses.**  The elements of the offenses are as follows:

Count 1: *Felon in Possession of a Firearm*:

    (1)   The defendant knowingly possessed a firearm;

    (2)   At the time he possessed the firearm, the defendant had knowingly been convicted of a crime punishable by imprisonment for a term exceeding one year; and

    (3)   The firearm had previously been shipped or transported from one state to another state, or from a foreign nation to the United States.

Count 3: *Possession with Intent to Distribute Methamphetamine*:

    (1)   The defendant knowingly or intentionally possessed methamphetamine, which is a controlled substance; and

    (2)   The defendant intended to distribute the methamphetamine to others.

//
//

Count 4: *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*:

    (1)    The defendant committed the crime of *Possession with Intent to Distribute Methamphetamine*, as charged in Count 3 of the Superseding Indictment, which is a drug trafficking crime that may be prosecuted in a court of the United States;

    (2)    The defendant knowingly possessed a firearm;

    (3)    The defendant possessed the firearm in furtherance of the crime of *Possession with Intent to Distribute Methamphetamine*.

3.    **The Penalties**.  Defendant understands that the statutory penalties for the above-listed offenses are as follows:

- For *Felon in Possession of a Firearm*, as charged in Count 1: a maximum term of imprisonment of up to 10 years, a fine of up to $250,000, a period of supervision following release from prison of up to three (3) years, and a $100 mandatory special assessment.

- For *Possession with Intent to Distribute Methamphetamine*, as charged in Count 3: a maximum term of imprisonment of up to 20 years, a fine of up to $1,000,000, a period of supervision following release from prison of at least (3) years, and a $100 mandatory special assessment.

- For *Possession of a Firearm in Furtherance of a Drug Trafficking Offense*, as charged in Count 4, a mandatory minimum term of imprisonment of five (5) years, consecutive to any other sentence imposed, a maximum term of Life imprisonment, a fine of up to $250,000, a period of supervision following release from prison of up to five (5) years, and a $100 mandatory special assessment.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements.  Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed.  This

1  could result in Defendant's serving a total term of imprisonment greater than the statutory

2  maximum stated above.

3       Defendant understands that as a part of any sentence, in addition to any term of

4  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

5  restitution to any victim of the offense, as required by law.

6       Defendant further understands that a consequence of pleading guilty may include

7  the forfeiture of certain property either as a part of the sentence imposed by the Court, or

8  as a result of civil judicial or administrative process.

9       Defendant agrees that any monetary penalty the Court imposes, including the

10  special assessment, fine, costs, or restitution, is due and payable immediately and further

11  agrees to submit a completed Financial Statement of Debtor form as requested by the

12  United States Attorney's Office.

13       4.    **Drug Offenses - Program Eligibility**.  Defendant understands that by

14  pleading guilty to a felony drug offense, Defendant will become ineligible for certain food

15  stamp and Social Security benefits as directed by Title 21, United States Code, Section

16  862a.

17       5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by

18  pleading guilty, he knowingly and voluntarily waives the following rights:

19       a.    The right to plead not guilty and to persist in a plea of not guilty;

20       b.    The right to a speedy and public trial before a jury of his peers;

21       c.    The right to the effective assistance of counsel at trial, including, if

22       Defendant could not afford an attorney, the right to have the Court

23       appoint one for him;

24       d.    The right to be presumed innocent until guilt has been established

25       beyond a reasonable doubt at trial;

26       e.    The right to confront and cross-examine witnesses against Defendant

27       at trial;

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       f.     The right to compel or subpoena witnesses to appear on his behalf at

2             trial;

3       g.     The right to testify or to remain silent at trial, at which trial such

4             silence could not be used against Defendant; and

5       h.     The right to appeal a finding of guilt or any pretrial rulings.

6     6.    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

7 guaranteed what sentence the Court will impose.

8     7.    **Forfeiture of Property**. Defendant agrees to forfeit to the United States,

9 immediately, all of his right, title, and interest in any and all property, real or personal,

10 that was used, or intended to be used, in any manner or part, to commit, or to facilitate the

11 commission of,  the offense set forth in Count 3, and also in any property constituting, or

12 derived from, any proceeds Defendant obtained as a result of this offense. This property is

13 subject to forfeiture pursuant to Title 21, United States Code, Section 853(a) and includes

14 but is not limited to:

15       a.     One Taurus 9mm caliber pistol, serial number TGR69184, and all

16             associated ammunition.

17     Defendant also agrees to forfeit to the United States, immediately, all of his right,

18 title, and interest in any and all firearms and ammunition involved or used in the offenses

19 set forth in Counts 1 and 4.  This property is subject to forfeiture pursuant to Title 18,

20 United States Code, Section 924(d)(1) via Title 28, United States Code, Section 2461(c),

21 and includes but is not limited to the above-described Taurus 9mm pistol..

22     Defendant agrees to fully assist the United States in the forfeiture of the above-

23 described property and to take whatever steps are necessary to pass clear title to the

24 United States, including but not limited to: surrendering title and executing any documents

25 necessary to effect forfeiture; assisting in bringing any property located outside the United

26 States within the jurisdiction of the United States; and taking whatever steps are necessary

27 to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such

2    property in any federal forfeiture proceeding, administrative or judicial, which may be or

3    has been initiated.

4        The United States reserves its right to proceed against any remaining property not

5    identified in this Plea Agreement, including any property in which Defendant has any

6    interest or control, if that property constitutes or is traceable to proceeds of, or facilitated,

7    his commission of Possession of Controlled Substances with Intent to Distribute, or was

8    involved or used in his commission of Felon in Possession of Firearms or Possession of a

9    Firearm in Furtherance of a Drug Trafficking Crime.

10       8.     **Abandonment of Contraband**. Defendant also agrees that if any federal

11    law enforcement agency seized any firearms, ammunition, firearms accessories, or

12    contraband that were in Defendant's direct or indirect control, he abandons any and all

13    interest in those assets and consents to their federal administrative forfeiture, official use,

14    and/or destruction by the federal law enforcement agency that seized them.

15       9.     **Statement of Facts**. The parties agree on the following facts. Defendant

16    admits he is guilty of the charged offenses of Count 1: *Felon in Possession of a Firearm*,

17    Count 3: *Possession of Methamphetamine with Intent to Distribute*, and Count 4:

18    *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*:

19           a.     On May 28, 2018, in Auburn, Washington, an Auburn police officer
attempted to stop Defendant Joseph Allen, who was driving a stolen
car. Mr. Allen ignored the officer's lights and sirens and drove away
at a high rate of speed. After his vehicle crashed, Mr. Allen ran from
the officers on foot. During the pursuit, Mr. Allen was armed with a
stolen, loaded Sig Sauer .40 caliber pistol that he knowingly
possessed and tossed away as he fled.

20

21

22

23

24           b.     Mr. Allen failed to appear for a hearing in state court to address
charges arising from the May 28, 2018 arrest, and an arrest warrant
issued.

25

26

27

28

Plea Agreement / Joseph Allen - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.    On August 23, 2018, in Federal Way, Washington, a law enforcement task force attempted to arrest Mr. Allen for his warrant. Mr. Allen ran from the officers on foot but was ultimately apprehended and arrested.

c.    At the time of his arrest, Mr. Allen knowingly possessed a Taurus 9mm semi-automatic pistol loaded with 18 rounds of ammunition and 41 grams of actual methamphetamine. Both items were recovered from the pockets of a vest he was wearing.

c.    Mr. Allen knowingly possessed the methamphetamine with the intent to distribute it to other people. He possessed the loaded Taurus 9mm caliber pistol in furtherance of his possession of methamphetamine with intent to distribute because he carried it to protect himself while he was selling methamphetamine.

d.    Prior to possessing the above-identified firearms, Defendant knew that he had been convicted of at least the following crimes punishable by a term of imprisonment exceeding one year:

- *Attempt to Elude and Taking a Motor Vehicle without Permission,* under cause number 14-1-06452-3, in King County Superior Court, Washington, on or about January 27, 2015;

- *Taking a Motor Vehicle without Permission and Attempt to Elude* under cause number 14-1-03231-7, in Pierce County Superior Court, Washington, on or about September 11, 2014;

- *Possession of Methamphetamine*, under case number 13-1-00993-7, in Pierce County Superior Court, Washington, on or about April 16, 2013;  and

- *Unlawful Possession of a Firearm in the First Degree*, under case number 07-1-00821-3, in King County Superior Court, Washington, on or about August 23, 2007.

f.    The Sig Sauer .40 caliber pistol and the Taurus 9mm caliber pistol were each shipped from one state to another state, or from a foreign

Plea Agreement / Joseph Allen - 7

1  nation to the United States, prior to being possessed by Mr. Allen in
2  the State of Washington.

3  g.  The parties agree that the Court may consider additional facts
4      contained in the Presentence Report (subject to standard objections
       by the parties) and/or that may be presented by the United States or
5      Defendant at the time of sentencing, and that the factual statement
6      contained herein is not intended to limit the facts that the parties may
       present to the Court at the time of sentencing.
7

8  10.  **United States Sentencing Guidelines**.  Defendant understands and

9  acknowledges that the Court must consider the sentencing range calculated under the

10 United States Sentencing Guidelines and possible departures under the Sentencing

11 Guidelines together with the other factors set forth in Title 18, United States Code, Section

12 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the history and

13 characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of

14 the offenses, to promote respect for the law, and to provide just punishment for the

15 offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct;

16 (5) the need for the sentence to protect the public from further crimes of the defendant; (6)

17 the need to provide the defendant with educational and vocational training, medical care,

18 or other correctional treatment in the most effective manner; (7) the kinds of sentences

19 available; (8) the need to provide restitution to victims; and (9) the need to avoid

20 unwarranted sentence disparity among defendants involved in similar conduct who have

21 similar records.  Accordingly, Defendant understands and acknowledges that:

22 a.  The Court will determine applicable Defendant's Sentencing Guidelines
       range at the time of sentencing;
23

24 b.  After consideration of the Sentencing Guidelines and the factors in 18
       U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to
25     the maximum term authorized by law;

26
27 c.  The Court is not bound by any recommendation regarding the sentence to be
       imposed, or by any calculation or estimation of the Sentencing Guidelines
28

Plea Agreement / Joseph Allen - 8

range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.    Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

11.    **Acceptance of Responsibility.**  At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12.    **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.    A base offense level of 28 is applicable to Count 3, pursuant to USSG § 2D1.1(c)(6), because the offense involved 41 grams of actual methamphetamine.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

13.    **Recommendation Regarding Imprisonment**.  The government will recommend a sentence no higher than 10 years' imprisonment.  Except as otherwise provided in this plea agreement, the parties are free to present arguments regarding any other aspect of sentencing, to include arguments with respect to the sentencing guidelines

Plea Agreement / Joseph Allen - 9

1 calculations.  In connection with these arguments, the parties agree they are not limited to

2 the preceding Statement of Facts.  Defendant is not bound by the government's

3 recommendation.  The Court is not bound by any recommendation regarding the sentence

4 to be imposed, and may impose any term of imprisonment up to the statutory maximum

5 penalty authorized by law.  Defendant further understands that he cannot withdraw his

6 guilty plea simply because of the sentence imposed by the district court.

7       14.   **Other Consideration.** It is the understanding of this parties that, if

8 Defendant enters into this Plea Agreement with the United States, the King County

9 Prosecutor's Office will not prosecute Defendant for related state crimes investigated

10 under Auburn Police Department 18-07144, such as possession of a stolen vehicle and

11 attempt to elude.

12       15.   **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

13 the United States Attorney's Office for the Western District of Washington agrees not to

14 prosecute Defendant for any additional offenses known to it as of the time of this

15 Agreement that are based upon evidence in its possession at this time, and that arise out of

16 the conduct giving rise to this investigation.  The United States agrees that it will move to

17 dismiss Count 2 of the Superseding Indictment at the time of sentencing.

18      In this regard, Defendant recognizes the United States has agreed not to prosecute

19 all of the criminal charges the evidence establishes were committed by Defendant solely

20 because of the promises made by Defendant in this Agreement.  Defendant agrees,

21 however, that for purposes of preparing the Presentence Report, the United States

22 Attorney's Office will provide the United States Probation Office with evidence of all

23 conduct committed by Defendant.

24      Defendant agrees that any charges to be dismissed before or at the time of

25 sentencing were substantially justified in light of the evidence available to the United

26 States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

27

28

Plea Agreement / Joseph Allen - 10

1  with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119

2  (1997).

3        16.     **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if

4  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

5  Agreement and Defendant may be prosecuted for all offenses for which the United States

6  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

7  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

8  Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

9  Defendant has waived any objection to the re-institution of any charges in the Indictment

10  that were previously dismissed or any additional charges that had not been prosecuted.

11        Defendant further understands that if, after the date of this Agreement, Defendant

12  should engage in illegal conduct, or conduct that violates any conditions of release or the

13  conditions of his confinement, (examples of which include, but are not limited to,

14  obstruction of justice, failure to appear for a court proceeding, criminal conduct while

15  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

16  Officer, Probation Officer, or Court), the United States is free under this Agreement to file

17  additional charges against Defendant or to seek a sentence that takes such conduct into

18  consideration by requesting the Court to apply additional adjustments or enhancements in

19  its Sentencing Guidelines calculations in order to increase the applicable advisory

20  Guidelines range, and/or by seeking an upward departure or variance from the calculated

21  advisory Guidelines range.  Under these circumstances, the United States is free to seek

22  such adjustments, enhancements, departures, and/or variances even if otherwise precluded

23  by the terms of the plea agreement.

24        17.     **Waiver of Appellate Rights and Rights to Collateral Attacks.**  Defendant

25  acknowledges that by entering the guilty plea required by this plea agreement, Defendant

26  waives all rights to appeal from his conviction and any pretrial rulings of the court.

27  Defendant further agrees that, provided the court imposes a custodial sentence that is

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.    **Voluntariness of Plea**.  Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his pleas of guilty.

19.    **Statute of Limitations**.  In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

1      20.   **Completeness of Agreement**.  The United States and Defendant

2   acknowledge that these terms constitute the entire Plea Agreement between the parties.

3   This Agreement binds only the United States Attorney's Office for the Western District of

4   Washington.  It does not bind any other United States Attorney's Office or any other

5   office or agency of the United States, or any state or local prosecutor.

6

7      Dated this 12th day of July, 2019.

8

9   _____

10  JOSEPH LOREN ALLEN
    Defendant

11

12  _____

13  MOHAMMAD HAMOUDI
    CHRISTOPHER SANDERS

14  Attorneys for Defendant

15

16  _____

17  TODD GREENBERG
    Assistant United States Attorney

18

19  _____

20  JESSICA MANCA
    Assistant United States Attorney

21

22

23

24

25

26

27

28

Plea Agreement / Joseph Allen - 13