THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JOSEPH LOREN ALLEN,<br><br>　　　　　　Defendant. | CASE NO. CR18-0292-JCC<br><br>ORDER |

　　　　This matter comes before the Court on Defendant's motion for reduction in sentence (Dkt. No. 91) and the parties' motions for leave to file overlength briefs and to seal (Dkt. Nos. 90, 94, 96, 99). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendant's motion for a reduction in sentence (Dkt. No. 91) and GRANTS the parties' motions for leave to file overlength briefs and to seal (Dkt. Nos. 90, 94, 96, 99) for the reasons explained herein.

　　　　Following a November 2018 arrest, Defendant pleaded guilty to felon in possession of a firearm, possession of methamphetamine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. (Dkt. Nos. 40, 65, 69.) In December 2019, the Court sentenced him to 84 months of confinement and three years of supervised release. (Dkt. Nos. 81, 82.) Defendant is currently incarcerated at FCI Sheridan with an anticipated release date of July

7, 2024. (Dkt. No. 95 at 5.)

Defendant, who suffers from hypertension, moves for a reduction in sentence pursuant to 18 U.S.C. § 3582 (c)(1). (Dkt. No. 91.) His motion follows the preparation, on his behalf, of a request for compassionate release to be provided to the BOP. (Dkt. No. 91-7.)[1] Defendant, who is African American, argues that his health condition, when coupled with his race, represents an extraordinary and compelling reason warranting a reduction in his sentence, in light of the ongoing COVID-19 pandemic. (Dkt. No. 91 at 7–10.)

The Government opposes, arguing that: (1) Defendant has not demonstrated that he has met the exhaustion requirement, (2) Defendant's health does not represent extraordinary and compelling reasons warranting a reduction in his sentence, (3) Defendant remains a danger to the community, and (4) the § 3553 factors do not support a reduction in sentence. (Dkt. No. 95 at 8–17.) Because, as discussed below, the Court finds that Defendant's health does not represent a sufficiently extraordinary and compelling reason to warrant a reduction in his sentence, the Court need not address the Government's other arguments.

A court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). According to the United States Sentencing Guidelines ("USSG"), this may include a medical condition which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." USSG § 1B1.13 cmt. n.1.[2] Defendant's medical condition, namely his

---

[1] Defendant fails to provide evidence demonstrating that he, in fact, filed the request with the BOP, thereby satisfying the exhaustion requirement for the relief he seeks. *See* 18 U.S.C. § 3582(c)(1)(A). Nevertheless, the Court need not address this issue. As described below, Defendant has failed to present extraordinary and compelling reasons warranting a reduction in his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

[2] In light of the statutory changes enacted by the First Step Act, it is unclear whether USSG 1B1.13 remains an "applicable" policy statement that limits the Court's discretion when considering a motion to reduce sentence. While others have addressed the issue, the Ninth Circuit has not. *See United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020). Nonetheless, the policy

hypertension, even when considered in the context of his race, does not meet this standard. According to the Centers for Disease Control, persons living with hypertension "*might* be at an increased risk for severe illness" from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (emphasis added). This alone is insufficient to demonstrate an extraordinary and compelling reason for a reduction in Defendant's sentence. *See, e.g.*, *United States v. Wilson*, 2020 WL 4901714, slip op. at 5 (W.D. Wash. 2020); *United States v. Elias*, 2020 WL 3064232, slip op. at 1 (N.D. Ohio June 9, 2020), *aff'd*, 984 F.3d 516 (6th Cir. 2021). Nor would Defendant's race, absent more evidence, change this conclusion.

Defendant presents evidence that African-American persons are both disproportionately infected with COVID-19 and also disproportionately suffer serious illness from the infection. (*See generally* Dkt. No. 91-9.) The Government contends that while the CDC recognizes the disproportionate effect of COVID-19 on some racial groups, the CDC has not found that race itself makes a person more vulnerable to severe illness from COVID-19. Rather, an increased rate of serious infection may be driven by occupational and residential inequalities resulting in more frequent exposure to COVID-19. Similarly, poorer health outcomes following exposure to COVID-19 may be the result of limited access to adequate healthcare. These issues are not addressed by the evidence Defendant presents. Without more, Defendant has not shown that his race, even when coupled with his medical condition, establishes the type of increased risk from COVID-19 that rises to an extraordinary and compelling reason for a sentence reduction.

The record before the Court does not establish extraordinary and compelling circumstances warranting a reduction in Defendant's sentence. Accordingly, his motion for a reduction in sentence is DENIED.

Defendant and the Government both move for leave to file overlength briefs. (Dkt. Nos. 90, 94.) Specifically, Defendant seeks an additional three pages and the Government seeks an

---

statement, at the very least, can guide the Court's discretion. *See Gunn*, 980 F.3d at 1180.

additional six pages. (*Id.*) In light of the topics briefed, the Court finds the parties' request reasonable. Accordingly, the motions for leave to file overlength briefs are GRANTED.

The parties also move (Dkt. No. 96, 99) to maintain portions of Defendant's BOP medical records (Dkt. Nos. 92, 97) under seal. The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The Court need not decide whether Defendant's motion for compassionate release is a dispositive motion. In either case, the Court FINDS that Defendant has a compelling interest in maintaining his medical records under seal and that interest outweighs the public's interest in their disclosure. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1 (W.D. Wash. 2013). Accordingly, the parties' motions to seal are GRANTED.

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release (Dkt. No. 91) and GRANTS the parties' motions to file overlength briefs and to seal (Dkt. Nos. 90, 94, 96, 99). The Court DIRECTS the Clerk to maintain Docket Numbers 92 and 97 under seal.

DATED this 3rd day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE